Bradbury, J.
In Foster, adm'x, v. Wise, Adm’r, 46 Ohio St., 20, which was the action above mentioned, brought to recover upon the third bond, for the devastavit involved in the case under consideration, this court held that the sureties in the third bond were liable, although the estate was wasted before that bond was given. The question, *227 however, in.that ease related to the obligation imposed by the third bond upon the sureties thereon to make good the loss to the administrator de bonis non, no question then' arising between the different sets of sureties respecting the ultimate resting of this obligation between themselves.
Sections 6205 and 6206, Revised Statutes, provide that:
See. 6205: “Whenever the sureties in any bond of an executor or administrator shall be insufficient, the court, on the petition of any person interested, and after notice to the principal in the bond, may require a new bond to be given, with two or more sufficient sureties. ”
Sec. 6206. “When a new bond shall be required, as above provided, the sureties in the prior bond shall, nevertheless, be liable for all breaches of the conditions; committed beforé the new bond shall be approved by the court.”
This last section expressly provides that the sureties in the prior bond shall be liable for all breaches of its conditions which occurred before the approval of the new bond. The new bond is not given for the benefit of the sureties in the old one but for the benefit of the estate. Contribution among co-sureties is not founded upon contract, but upon the equitable principle that where a burden common to several is discharged by one of them, the others necessarily sharing in the benefits of the discharge should share in the burden also. Russell v. Failor, 1 Ohio St., 327; Camp v. Bostwick, 20 Ohio St., 337; 28 Ohio St., 41; 4 Am. & Eng. Ency. of Law, 1.
And if the burden is common the equitable principle is equally operative, whether the burden is created by the same or by different instruments, *228 executed at different times. Dering v. Earl of Winchelsea, 1 Cox, 318; Butler v. Birkey, 13 Ohio St., 514; 1 Am. & Eng. Ency. of Law, 4.
In the case under consideration the liability of the sureties on the second bond had accrued before the third bond was given, the entire burden had already been created and rested upon the sureties who had executed the prior bonds, and no equitable principle is apparent by which this liability should be shifted in whole or in part to the sureties in the new bond. As between these two sets of sureties, the liability of the former should be regarded as primary and that of the latter secondary, rather than a liability resting equally on both.
Judgment affi/rmed.